*491 WALLACE, Circuit Judge,
concurring:
I concur in the majority’s judgment. I write separately because the majority does not address the threshold question in this case: whether laches is a viable defense against the United States in a denatural-ization proceeding. In United States v. Dang, we acknowledged that “[i]t remains an open question in this circuit as to whether laches is a permissible defense to a denaturalization proceeding.” 488 F.3d 1135, 1143-44 (9th Cir. 2007). Dang, however, assumed for the sake of argument that laches was a permissible defense, and held that the defendant had failed to establish laches. Id. at 1144. The majority follows the Dang approach in the present case. Instead of pitching around this issue, we should address it head on.
The only circuit to have answered this question directly is the Sixth Circuit, which held that laches is not a permissible defense in this context. See United States v. Mandycz, 447 F.3d 951, 964-965 (6th Cir. 2006). Mandycz examined the history of the laches defense and concluded that “[bjecause the United States acted in its sovereign capacity when it sought to dena-turalize Mandycz, the common law doctrine of laches does not apply.” Id. at 964. I believe we should endorse the Sixth Circuit’s reasoning and I advocate that our circuit adopt it. The words of the immigration statute, combined with the history and purpose of the laches defense, suggest that it should not apply to this context against sovereigns such as the United States. Moreover, in the immigration arena, people who have procured citizenship by way of fraud should not be allowed to escape denaturalization via the laches trap door.
Our circuit possesses an overwhelming immigration docket. There is no indication that our immigration docket will decrease in the foreseeable future. Accordingly, we should resolve this issue now and provide appropriate guidance to the lower courts.